IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **INFINI-LITE, LLC** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**CUSTOM GLASS PRODUCTS** )<br>**OF CAROLINA, INC.** )<br>)<br>Defendant. )<br>) | **CIVIL ACTION NO.**<br>**1:04-CV-3725-RWS** |

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant moves this Court pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.3 of the Northern District of Georgia to dismiss Plaintiff's Complaint with prejudice. This is a patent infringement action. Plaintiff, a Georgia Limited Liability Company, has not been represented by legal counsel in this action since its counsel withdrew three and a half years ago. The Court has repeatedly warned Plaintiff in open Court and in two separate written orders that it must engage counsel to represent its interests, and that failure to do so will result in having its pleadings struck and judgment entered against it. In light of the Court's admonishments and Plaintiff's protracted failure to engage counsel, Defendant hereby moves the Court to dismiss Plaintiff's complaint with prejudice,

strike Plaintiff's responsive pleadings, and enter judgment on Defendant's Counterclaims.

## I.    Factual Background

Plaintiff filed this Declaratory Judgment action on December 21, 2004. [Dkt. 1]. Plaintiff is a Georgia Limited Liability Company. [Dkt. 1, ¶ 3]. At the time, Plaintiff was represented by the Morris, Manning, and Martin, LLP firm. This action was stayed shortly after it was commenced in order to allow the United States Patent and Trademark Office to conduct a reexamination of the patents-in-suit. [Dkt. 13]. Plaintiff's counsel withdrew on January 11, 2006, while this action was stayed. [Dkts. 18 & 19].

The United States Patent and Trademark Office affirmed the validity of both of the Patents-in-Suit through the reexamination process. [Dkts. 21 & 23]. Upon successful completion of the reexamination process, Defendant, which is the patent owner in this Declaratory Judgment action, moved the Court to reopen this action. The Court granted Defendant's motion, reopened the case, and ordered the parties to appear for a Rule 16 Scheduling Conference on April 28, 2009. [Dkt. 25].

In open Court during the April 28th Scheduling Conference, the Court warned the two (2) managing members of the corporate Plaintiff entity that it was not permitted to proceed *pro se*, it must obtain counsel, or its pleadings will be

2

stricken and judgment entered against it. The Court issued an order following the April 28th hearing in which it repeated the admonition:

> The Court advised the Principals in the Corporate Defendants that those Defendants are not permitted to appear *pro se*. ***The Principals were advised that they need to retain counsel to represent the corporate defendants or their pleadings will be subject to being stricken and judgments entered against them.***

[Dkt. 27, (emphasis added.)].

The Court repeated its warning in a subsequent Order issued on May 28, 2009. [Dkt. 30]. The Court's Order was direct and unambiguous:

> [I]t is hereby **ORDERED** that Plaintiff engage counsel who can enter an appearance in the proceeding within twenty (20) days of the entry of this Order. ***Failure to comply with this Order will result in dismissal of Plaintiff's action and entry of a default on the counterclaim against Plaintiff.***

[Dkt. 30, (emphasis added)].

No counsel has made an appearance on behalf of Plaintiff in this action. Moreover, Defendant's counsel has not been contacted by anyone purporting to represent Plaintiff in this action since the withdrawal of the Morris, Manning and Martin firm back in January 2006.

## II.    Legal Argument and Citation of Law.

This is a patent infringement action. Procedural issues in patent cases are generally resolved under the law of the regional circuit. *Biodex Corp. v. Loredan*

3

*Biomedical, Inc.*, 946 F. 2d 850, 855-6 (Fed. Cir. 2009)(In general, our initial inquiry in determining whether deference to regional circuit law is due has been to decide whether the law that must be applied, whether procedural or substantive, is one over which this court does not have exclusive appellate jurisdiction.) The issues presented in this motion are strictly procedural. The law of the Eleventh Circuit should therefore be applied when ruling upon Defendant's Motion to Dismiss.

     The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditions disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009)(quoting *Chambers v. Nasco. Inc.*, 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. *Id*. (citing Fed. R. Civ. P. 41(b)). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Id*.

     Rule 41(b) of the Federal Rules of Civil Procedure provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may note to dismiss the action or any claim against it." Fed. R. Civ. P.

4

41(b). Moreover, the Local Rules of the Northern District of Georgia dictate that "[t]he court may, with or without notice to the parties, dismiss a civil case for want of prosecution if: . . . [a plaintiff shall] fail or refuse to obey a lawful order of the court in the case." LR 41.3(A)(2), NDGa. "In accordance with the provisions of Fed. R. Civ. P. 41(b), a dismissal for want of prosecution operates as an adjudication upon the merits of the action unless the court specifies otherwise in its order of dismissal." LR 41.3(B), NDGa.

### A. Plaintiff's Deliberate Failure To Comply With This Court's Order Is An Attempt To Delay This Action

This Court has warned Plaintiff in open Court and issued two Orders instructing it to obtain counsel. In each instance, the consequences of failing to comply with this Court's Order was clear and unambiguous – Plaintiff's pleadings will be struck and judgment entered against it. Plaintiff has failed to comply with this Court's Orders. Defendant therefore respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, strike Plaintiff's responsive pleading, and enter judgment against Plaintiff on Defendant's Counterclaim.

Most recently the Court issued an Order on May 28th providing Plaintiff 20-days to obtain counsel. Twenty days has long since passed. New counsel has not been engaged and has not made an appearance. Plaintiff's deliberate delay has brought this case to a total standstill. It is well within this Court's inherent power,

and expressly authorized by the Local Rules, to dismiss Plaintiff's Complaint with prejudice, strike its answers to Defendant's responsive pleading, and enter judgment against it on Defendant's counterclaim.

### III.   Prayer For Relief

**WHEREFORE**, Defendant, which is the patent owner in this Declaratory Judgment action, respectfully prays that this Court:

1)   Dismiss Plaintiff's Complaint [Dkt. 1] with prejudice;

2)   Strike Plaintiff's Reply to Defendant's Counterclaim [Dkt. 7];

3)   Deem the allegations set forth in Defendant's Counterclaim [Dkt. 4] admitted;

4)   Enter judgment against Plaintiff's on Counts I – IV of Defendant's Counterclaim; and,

5)   Provide such other and further relief as it deems appropriate.

Dated:    August 3, 2009.

                                      Respectfully submitted:

                                          /s/ Luke Anderson
                                      Luke Anderson
                                      Georgia Bar No. 018330
                                      **Duane Morris LLP**
                                      1180 West Peachtree Street
                                      Suite 700
                                      Atlanta, Georgia 30309-3448

        Telephone: 404-253-6952
        Facsimile: 404-393-8954
        Email:   Landerson@duanemorris.com
        ***Attorneys For Defendant Custom Glass Products of Carolina, Inc.***

## **CERTIFICATION OF TYPE LIMITATION**

The above signed counsel certifies that this Brief in Support of Defendant's Motion to Dismiss has been prepared in Times New Roman Font in 14 point font.

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 3, 2009, I electronically filed **BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system.  I also hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

David Eugene Lee, III
Infini-Lite, LLC
1581 Stone Ridge Drive
Stone Mountain, GA  30083

      /s/ Luke Anderson
    Luke Anderson